# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**JANET PRICE,**
*Plaintiff*

v.

**STATE FARM LLOYDS,**
*Defendant*

§
§
§
§
§
§
§
§

**No.  1:25-CV-1049-ADA**

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
        UNITED STATES DISTRICT JUDGE

Before the Court is Defendant State Farm Lloyds's ("State Farm") motion to dismiss, Dkt. 5, Plaintiff Janet Price's unopposed motion for leave to file a first amended complaint, Dkt. 9, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge grant Price's motion for leave to file a first amended complaint and grant in part State Farm's motion to dismiss.

## I.        BACKGROUND

Plaintiff Janet Price brought claims for violations of the Texas Insurance Code and breach of contract based on State Farm's allegedly improper underpayment of claims Price made after a storm damaged her home in San Marcos, Texas. Dkts. 1-3, at 3; 9-1, at 3. Price alleges that the adjuster assigned to her claim conducted a substandard investigation and inspection of the property, "prepared a report that failed to include all of the damages observed during the inspection, and undervalued

the damages observed during the inspection." Dkts. 1-3, at 3; 9-1 (alleging that adjuster "rushed the inspection of the dwellings because he was overwhelmed by heat"). The adjuster's deficient investigation, Price contends, caused unreasonable delays in State Farm's payment of claims and loss of policy benefits to Price, and has also prevented Price from completing necessary repairs to her home. Dkt. 1-3, at 3. In her proposed amended complaint, Price also alleges that State Farm failed to abide by an agreed appraisal award that it was contractually obligated to pay. Dkt. 9-1, at 6.

State Farm removed this case from state court and filed a motion to dismiss arguing that Price failed to state her claims for relief. Dkt 1. In response, Price requested leave to amend her complaint, arguing that the Court should deny State Farm's motion to dismiss based on her proposed amended complaint. Dkts. 9; 10.[1] In reply, State Farm indicated that it no longer seeks the dismissal of Price's breach-of-contract claims but maintains that her claims brought under the Texas Insurance Code should still be dismissed even in light of the amended complaint. Dkt. 11.

## II.    LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d

---

[1] Because State Farm does not oppose Price's motion for leave to file a first amended complaint, Dkt. 9, at 4, the undersigned will recommend that the District Judge grant that motion.

191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may

not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III.    DISCUSSION

Price brought claims against State Farm for violations of the Texas Insurance Code. Dkts. 1-3, at 4-6; 9-1, at 9-11. First, Price alleges that State Farm violated Article 542 of the Texas Insurance Code, also known as the Prompt Payment of Claims Act ("PPCA"), by failing to timely pay losses within the statutory deadline under Texas law. Dkts. 1-3, at 4; 9-1, at 9. Second, she alleges that State Farm violated Chapter 541 of the Texas Insurance Code by making material misrepresentations of law and fact, failing to settle Price's claim in good faith or offer her a decision on her claim within a reasonable time, refusing to conduct a reasonable investigation of the claim, and failing to disclose matters as required. Dkts. 1-3, at 4-6; 9-1, at 9-11. State Farm attacks these two claims for failure to satisfy the pleading standards under Rules 8 and 9(b). Dkts. 5, at 5-8, 9-10; 11, at 2-8.[2] Apart from filing a proposed first amended complaint, Price did not substantively respond to State Farm's arguments. *See* Dkt. 10.

---

[2] As noted, State Farm no longer moves to dismiss Price's breach-of-contract claim in light of her proposed amended complaint. Dkt. 11, at 1.

4

**A.    State Farm's motion to dismiss Price's claim for relief under Article 542 of the Texas Insurance Code should be denied.**

Price alleged that State Farm violated Article 542 of the Texas Insurance Code, or the PPCA, by failing to "pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage." Dkts. 1-3, at 4; 9-1, at 10. State Farm moved to dismiss this claim for failure to satisfy Rule 8's pleading standard. Dkt. 5, at 9-10. To state a claim under the PPCA, Price must plead that: (1) she made a claim under an insurance policy, (2) the insurer is liable for the claim, and (3) the insurer failed to follow one or more sections of the PPCA with respect to the claim. *Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 450 (5th Cir. 2018) (citing *United Nat'l Ins. Co. v. AMJ Invs., LLC*, 447 S.W.3d 1, 13 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd)).

State Farm argues that Price failed to allege facts in support of the third element of her PPCA claim and that her proposed amended complaint fails to cure this deficiency. Dkts. 5, at 9-10; 11, at 7-8. Specifically, State Farm takes issue with Price's failure "to allege what information Plaintiff provided to State Farm, the information State Farm failed to request from Plaintiff, and the applicable time constraints related to her claim," highlighting that Price disputes the "scope and pricing of her claim" rather than any "delay in investigation or payment." Dkt. 11, at 8 (citing *9520 Homestead, LLC v. Westchester Surplus Lines Ins. Co.*, No. 4:19-CV-2713, 2019 WL 5784893, at *3 (S.D. Tex. Nov. 6, 2019) ("Plaintiff fails to identify the information he provided Defendant, when he submitted the necessary information, the information Defendant failed to request, and the applicable time constraints.")).

5

Yet in her proposed amended complaint, Price does in fact identify the statutory timeframe related to her claim by alleging that State Farm "improperly refused to pay the [binding] appraisal award" within "60 days from the date of its June 6, 2024, denial letter." Dkt. 9-1, at 7-8. Moreover, the fact that Price's PPCA claims are premised on State Farm's failure to timely pay the full amount of the binding appraisal award is not fatal to her claim, as State Farm suggests in asserting that Price's claims are more about her disagreement as to the "scope and pricing" of her insurance claim. Dkt. 11, at 8; *see, e.g.*, *HWY 67 Dealership JV v. Depositors Ins. Co.*, No. 3:22-CV-00784-L, 2024 WL 3759752, at *24 (N.D. Tex. June 17, 2024), *R. & R. adopted*, 2024 WL 3493790 (N.D. Tex. July 22, 2024) (recommending denial of summary judgment in insurer's favor where PPCA claim was based on insurer's failure to timely pay full appraisal award); *Randel v. Travelers Lloyds of Tex. Ins. Co.*, 9 F.4th 264, 269 (5th Cir. 2021) ("Because the insurer in *Hinojos* paid 'significantly less within the statutory deadline than the amount the appraisers ultimately determined that it owed on the claim'—the difference being $23,000—its payment was not timely." (quoting *Hinojos v. State Farm Lloyds*, 619 S.W.3d 651, 657 n.34 (Tex. 2021))). The undersigned recommends that the District Judge deny State Farm's motion to dismiss Price's PPCA claim.

### B. State Farm's motion to dismiss should be granted as to Price's fraud-based claims brought under Chapter 541 of the Texas Insurance Code but otherwise denied as to her remaining claims brought under this chapter.

Price brought claims under Chapter 541 of the Texas Insurance Code against State Farm based on eleven instances of the insurer having made misrepresentations

6

about the terms of the policy or facts relating to her claim under the policy, as well as failing to timely affirm or deny coverage, offer reasonable explanations of its decisions, engage in good faith efforts to settle the claim, or conduct a reasonable investigation before making a decision. Dkts. 1-3, at 4-6; 9-1, at 10-11. State Farm moved to dismiss these claims based on Price's failure to comply with Federal Rules of Civil Procedure 8 and 9(b). Dkts. 5, at 5-8; 11, at 3-7. Specifically, State Farm contends that Price's claims that arise from its alleged misrepresentations do not include sufficient detail to comply with Rule 9(b) and that, in any event, her claims fail under Rule 8 as well. Dkt. 11, at 3-10.

Initially, the undersigned finds that while Rule 9(b) applies to Price's claims brought under section 541.060(a)(1) because they are "substantively identical to fraud claims," Price's remaining section 541.060(a) claims[3] are not subject to Rule 9(b) since the essence of these claims is not fraud or mistake but rather failure to comply with statutory requirements. Dkts. 1-3, at 6; 9-1, at 11; *Carter v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV.A. H-11-561, 2011 WL 2193385, at *1 (S.D. Tex. June 6, 2011) ("Claims alleging violations under the Texas Insurance Code that are 'substantively identical' to fraud are subject to the Rule 9(b) pleading requirements." (citing *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 789, 800 (N.D. Tex. 2009)));

---

[3] Price's other section 541.060(a) claims include: failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement (section 541(a)(2)); failure to promptly provide to a policyholder a reasonable explanation of the basis in the policy (section 541.060(a)(3)); failure within a reasonable time to affirm or deny coverage of a claim (section 541.060(a)(4)); and refusal to pay a claim without conducting a reasonable investigation with respect to the claim (section 541.060(a)(7)). Dkts. 1-3, at 4-5; 9-1, at 10-11; Tex. Ins. Code § 541.060(a).

*Woodstone Condo. Owners Ass'n, Inc. v. Philad. Indem. Ins. Co.*, No. 5:24-CV-0364-JKP-ESC, 2024 WL 4612940, at *2 (W.D. Tex. Oct. 28, 2024) ("With respect to claims under the Texas Insurance Code, alleged violations of § 541.060(a)(1) are subject to Rule 9(b), whereas Plaintiff's other claims under § 541.060(a) are not.").[4]

      1.     Price has failed to sufficiently plead her claim under section 541.050(a)(1) of the Texas Insurance Code.

Price enumerates eight alleged violations of Chapter 541 of the Texas Insurance Code explicitly based on State Farm's "misrepresent[ing] the scope of covered damages as well as the coverage purchased by Ms. Price," which are subject to Rule 9(b). Dkt. 9-1, at 8, 10-11. Rule 9(b) requires allegations of the "time, place, and contents of the [alleged] false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). The Fifth Circuit has explained that "Rule 9(b) requires 'the who, what, when, where, and how' [of the alleged fraud] to be laid out." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citation omitted). These claims must also comply with

---

[4] State Farm argues that all of Price's statutory claims are subject to Rule 9(b) because she alleged that State Farm "knowingly" violated the Texas Insurance Code yet only cites cases applying Rule 9(b) in the context of claims brought under the Securities Act of 1933 or the Securities Exchange Act of 1934. Dkt. 11, at 5 (citing *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994)). Moreover, even if Price alleges that the remaining section 541 violations were "knowingly" committed, "fraud is not an element" of these claims. *See* Dkt. 9-1; *Tigue Inv. Co. v. Chase Bank of Tex., N.A.*, No. CIV.A.3:03 CV 2490 N, 2004 WL 3170789, at *2 (N.D. Tex. Nov. 15, 2004) ("[T]he particularity requirement does not extend to claims for which fraud is not an element."); *see also Tiras v. Encompass Home & Auto Ins. Co.*, No. 4:10-CV-03266, 2011 WL 5827298, at *2 (S.D. Tex. Nov. 17, 2011) (finding that Rule 9(b) did not apply to  plaintiffs' section 541.060(a)(2)(A) claim since it "does not rest on allegations of fraud, as that section does not concern reliance on material representations").

Rule 8's requirement that they include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Here, Price only identifies two specific misrepresentations that form the basis of this claim: (1) the adjuster's assertion that "all hail damage to metal roofs was excluded in the Policy," Dkt. 9-1, at 3, 4; and (2) State Farm's failure to pay the full amount of the appraisal award, which Price interprets as "a misrepresentation of the metal roof exclusion and the appraisal clause, as well as other provision[s] from [State Farm's] own policy[,]" *id.* at 6. Yet as State Farm points out, "categorically 'post-loss statements regarding coverage are not misrepresentations under the [Texas] Insurance Code.'" *Gooden v. State Farm Lloyds*, No. 4:20-CV-00698-O, 2021 WL 7906860, at *3 (N.D. Tex. May 11, 2021) (collecting cases); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, at *11 (S.D. Tex. Jan. 20, 2011) (noting that "post-loss representations … do not give rise to DTPA or [Texas] Insurance Code liability, especially when they pertain to coverage"). Price cannot state a claim under Chapter 541 based on the post-loss misrepresentations cited in her proposed amended complaint; to the extent her claims are based on any misrepresentations not explicitly identified in that complaint, she has failed to comply with Rule 9(b)'s particularity requirement.

      2.     Price has stated claims for relief under sections 541.060(a)(2), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7) of the Texas Insurance Code.

In her proposed amended complaint, Price also accuses State Farm of violating Chapter 541 of the Texas Insurance Code by failing to: (1) attempt in good faith to

effectuate a settlement of her claim; (2) promptly provide Price with a reasonable explanation of its coverage decision; (3) affirm or deny coverage within a reasonable time; and (4) pay the claim without first conducting a reasonable investigation. Dkt. 9-1, at 10-11; Tex. Ins. Code §§ 541.060(a)(2)-(4), (7). As these claims are not subject to Rule 9(b), the undersigned evaluates them in light of Rule 8's pleading requirement. *Woodstone*, 2024 WL 4612940, at *2. State Farm attacks these claims as failing to provide it with "sufficient notice of the actionable conduct" and for "suggest[ing] only a coverage dispute under the Policy" rather than violations of Chapter 541. Dkt. 11, at 5.

Contrary to State Farm's insistence, Price's proposed amended complaint contains specific factual allegations in support of these claims. For instance, Price alleges that State Farm failed to conduct a reasonable investigation and engaged in unfair settlement practices by "ignor[ing] clear evidence of coverage when it refused coverage on the dwelling roof but opened coverage on interior water leaks to the dwelling's interior" and "conduct[ing] a substandard investigation and inspection of the property [because the adjuster] prepared a report that failed to include all of the damages he observed during the inspection, and undervalued the damages observed during the inspection." *Id.* at 5. She further alleges that State Farm "failed to offer a reasonable explanation for denying coverage for hail damage to the dwelling roof when it covered interior damage caused by that same hail." *Id.* Price also includes specific facts regarding State Farm's failure to pay the appraisal award within a reasonable time, as explained in Part III.A. *Id.* at 5-6.

Applying Rule 8's standard and viewing the proposed amended complaint in the light most favorable to Price, the undersigned finds that Price has sufficiently stated her non-fraud-based claims for relief under Chapter 541 of the Texas Insurance Code such that State Farm has "fair notice of what the ... claim is and the grounds upon which it rests." *See* Dkts. 9-1; 11, at 5; Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555; *Davis v. Travelers Lloyds of Tex. Ins. Co.*, No. A-18-CV-1029-LY, 2019 WL 1930135, at *3 (W.D. Tex. Apr. 30, 2019), *R. & R. adopted as modified*, No. 1:18-CV-1029-LY, 2019 WL 3818045 (W.D. Tex. May 30, 2019) (finding plaintiff had stated claims under Chapter 541 where plaintiff "made specific allegations that" defendant "committed one or more acts listed as unfair settlement practices by the statute").

Moreover, State Farm's contention that "a claim for bad faith under the Texas Insurance Code requires proof of something more than a bona fide coverage dispute" does not support dismissing Price's claims at this time. Dkt. 11, at 6-7 (citing *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512 (5th Cir. 2015); *Richardson E. Baptist Church v. Phila. Indem. Ins. Co.*, No. 05-14-01491-CV, 2016 WL 1242480, at *9 (Tex. App.—Dallas 2016, pet. denied)). While State Farm is correct that "[e]vidence establishing only a bona fide coverage dispute does not demonstrate bad faith," any dispute as to the evidence supporting Price's allegations of bad faith is better resolved after the benefit of discovery, as in the cases cited by State Farm. *Weiser-Brown*, 801 F.3d at 526 (affirming grant of judgment as a matter of law where "[t]he evidence presented at trial … established a bona fide coverage dispute"); *Richardson*, 2016 WL 1242480, at *8 (affirming entry of summary judgment in

11

insurer's favor where plaintiff "failed to present any evidence that [insurer] violated Chapter 541 or that any violations resulted in [plaintiff's] damages"). The undersigned recommends that the District Judge deny State Farm's motion to dismiss as to Price's remaining Chapter 541 claims.

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Price's unopposed motion for leave to file a first amended complaint, Dkt. 9, and **GRANT IN PART** and **DENY IN PART** State Farm's motion to dismiss, Dkt. 5. Specifically, the District Judge should grant State Farm's motion to dismiss as to Price's section 541.060(a)(1) claim and dismiss that claim with prejudice. The District Judge should deny the motion as to Price's remaining section 541.060(a), breach-of-contract, and PPCA claims. The District Judge should further order Price to file an amended complaint in accordance with the above discussion within 10 days of any order adopting this report and recommendation.

## V.     WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the

party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 16, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE